U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

MAR - 2 2015

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CHARLES JAMES SNYDER,        §
                             §
          Plaintiff,         §
                             §
VS.                          §   NO. 4:15-CV-013-A
                             §
CHIEF JAY S. JACKSON, ET AL.,§
                             §
          Defendants.        §

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is the complaint
filed in the above action by plaintiff, Charles James Snyder,
naming as defendants Chief Jay S. Jackson ("Jackson"), Chief of
Forest Hill Police Department; Sheriff Dee Anderson ("Anderson"),
Tarrant County Sheriff; Sergeant Curt Leach ("Leach"), a police
officer with the Forest Hill Police Department; and, Rachel
Romane ("Romane"), an attorney with the Tarrant County District
Attorney's office.

I.

Screening Under 28 U.S.C. § 1915A

Plaintiff is presently incarcerated at the Tarrant County
Jail. As a prisoner seeking redress from government officials,
plaintiff's complaint is subject to preliminary screening under
28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80
(5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte

dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted.  A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader.  Warth v. Seldin, 422 U.S. 490, 501 (1975).  However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555; Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

Having now considered the allegations in the complaint, the court concludes that it should be dismissed in its entirety under the provisions of 28 U.S.C. § 1915A.

II.

## Allegations of Plaintiff's Complaint

In a three-page handwritten summary attached to the complaint, and referred to therein, plaintiff alleged the following:[1]

On August 27, 2012, around 4:00 p.m., plaintiff was passing along a road with bike trails. Plaintiff got hot and dizzy and passed out from heat exhaustion after riding his bike. Plaintiff was unaware of what was happening around him and felt like he was in a "dream-like-state-of-mind." Compl. at 5. Four police officers, including Leach, were there screaming at plaintiff but he could not move. Plaintiff was in fear, and one officer said he would shoot plaintiff in the head and another told plaintiff to show his hands or the officer would "taze" him. Id. Still plaintiff was unable to move. The officers yanked plaintiff to his feet, handcuffed him, patted him down, dragged him to the street, then threw him across the back of the patrol car and patted him down again for no reason. Plaintiff did not understand why he was being arrested or why Leach thought plaintiff was trying to hide.

---

[1] Attached to the form complaint pursuant to 42 U.S.C. § 1983 is a three-page handwritten summary of the events leading to the instant action, as well as copies of the opinions from the Second Court of Appeals in Fort Worth overturning plaintiff's conviction. Plaintiff refers to all of these documents in his complaint. The court's summary of the factual basis of plaintiff's complaint is derived from the document attached to the complaint.

Leach took plaintiff to jail for failure to identify himself.  Plaintiff called his mother to come pick up his bicycle and his property.  However, when plaintiff's mother arrived, officers told her plaintiff did not have a bike, even though his sister bought it for him for Christmas.  Leach had thrown plaintiff's bike to the side of the road.

Plaintiff filed a motion to suppress, which the trial court denied after a hearing.  On February 13, 2013, plaintiff proceeded to trial on the charge of failure to identify, where a jury found him guilty.  Plaintiff's court-appointed counsel appealed both the denial of the motion to suppress and the jury's guilty verdict.  On October 2, 2014, the Second Court of Appeals in Fort Worth reversed the trial court's judgment and entered a judgment of acquittal.  The state filed a motion for rehearing. On November 20, 2014, the court of appeals denied the motion for rehearing, withdrew its previous opinion, and substituted a new opinion.  The substituted opinion reached the same result, but for a different reason:  the court found insufficient the evidence used to convict plaintiff, reversed the trial court's judgment, and rendered a judgment of acquittal.  Romane filed a second charge of failure to identify, and plaintiff was arraigned on that charge on October 14, 2014.  The complaint alleges that the failure to identify charge is still pending, and that

4

plaintiff is being held pursuant to that charge, even though he has already been acquitted.[2]

The complaint does not clearly identify the claims and causes of action plaintiff is trying to assert. Plaintiff complains that Anderson has refused to release him, although as Sheriff, it is Anderson's duty "to know his prisoner's termination of all proceedings." Compl. at 5. As to Anderson and Jackson, plaintiff is alleging claims of false imprisonment. As to Leach, plaintiff alleges claims for destroying property, threatening to taze, false arrest, and use of profanity. And as to Romane, plaintiff alleges false arrest, confinement, false imprisonment, and malicious prosecution. By way of relief, plaintiff asks that his bicycle be replaced, and for $85,0000.

III.

Analysis

A.   Dismissal of Claims Against Anderson and Jackson

Anderson and Jackson are not mentioned anywhere in the complaint, and no facts are alleged that describe any actions taken by either one. It is apparent that plaintiff has sued Anderson based solely on his position as supervisor of the

---

[2]The records of the Tarrant County Jail, available on the Tarrant County website, and of which the court takes judicial notice, indicate that plaintiff is currently incarcerated on charges on promoting prostitution of one younger than eighteen years of age. Thus, although plaintiff remains incarcerated, it is not on the charge of failure to identify that was previously dismissed.

Tarrant County Jail, and Jackson in his position as the Forest
Hill police chief.  Supervisory officials cannot be liable under
§ 1983 on any theory of vicarious liability, and nothing in the
amended complaint alleges that either Anderson or Jackson was
personally involved in any purported violation of plaintiffs
constitutional rights.  See, e.g., Mouille v. City of Live Oak,
Tex., 977 F.2d 924, 929 (5th Cir. 1992).  Accordingly,
plaintiff's claims against Anderson and Jackson must be
dismissed.

B.  Claims Against Romane

    Romane is identified as a prosecutor in the Tarrant County
District Attorney's office.  As far as the court is able to
discern, the only allegations directed to Romane pertain to
duties carried out in her official capacity as a prosecutor.
"[A]cts undertaken by a prosecutor in preparing for the
initiation of judicial proceedings or for trial, and which occur
in the course of [her] role as an advocate for the State, are
entitled to the protections of absolute immunity."  Buckley v.
Fitzsimmons, 509 U.S. 259, 273 (1993).  Because the only
allegations against Romane concern actions taken in her role in
prosecuting plaintiff's criminal trial, she is immune from
liability for such actions.  Brummett v. Camble, 946 F.2d 1178,
1181 (5th Cir. 1991) (concluding prosecutor is absolutely immune

from § 1983 suit predicated on malicious prosecution); <u>see also</u> <u>Boyd v. Biggers</u>, 31 F.3d 279, 285 (5th Cir. 1994) (per curiam).[3]

C.   <u>Claims Against Leach</u>

All of plaintiff's claims against Leach appear to be barred by limitations.  "There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983." <u>Jackson v. Johnson</u>, 950 F.2d 263, 265 (5th Cir. 1992).  The Supreme Court has instructed courts to borrow the forum state's general personal injury limitations period, which in Texas is two years. <u>See</u> Tex. Civ. Prac. & Rem. Code § 16.003(a); <u>Piotrowski v. City of Houston</u>, 237 F.3d 567, 576 (5th Cir. 2001).  The point at which a claim accrues, however, is determined by federal law. <u>Wallace v. Kato</u>, 549 U.S. 384, 387-88 (2007).  Under federal law, a cause of action accrues when the plaintiff has "a complete and present cause of action." <u>Id.</u> at 388.  Stated differently, under § 1983, "the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." <u>Walker v. Epps</u>, 550 F.3d 407, 414 (5th Cir. 2008).

---

[3]One of the claims against Romane is false arrest. However, because nothing in the complaint alleges that Romane was in any way involved in plaintiff's arrest, the complaint fails to state such a claim against Romane. Nor, as a prosecuting attorney, would it be likely that plaintiff would be able to allege such a claim against Romane.

Here, because all of plaintiff's interactions with Leach occurred on August 27, 2012, that is the date on which plaintiff's claims based on any destruction of property, threatening to "taze" him, use of profanity, or being detained in handcuffs began to accrue, to the extent such allegations would state any claim for relief. Hence, plaintiff must have filed suit based on those actions by August 27, 2014. This action, filed December 31, 2014, is untimely as to such claims.

As to plaintiff's claim against Leach for false arrest, the Supreme Court has held that limitations for a § 1983 claim for false arrest, "where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Wallace, 549 U.S. at 397. "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more." Id. at 390 (internal quotation marks and citations omitted). Here, plaintiff was arrested on August 27, 2012. The court must thus determine when plaintiff was "detained pursuant to legal process."

Texas requires that following an arrest, either the person making the arrest or the person having custody of the arrestee "shall without unnecessary delay, but not later than 48 hours after the person is arrested, take the person arrested or have

him taken before some magistrate of the county where the accused was arrested." Tex. Code Crim. Proc. Ann. art. 15.17.   Here, plaintiff was arrested on August 27, 2012.   Forty-eight hours from the date of plaintiff's arrest would be August 29, 2012. Nothing in the complaint indicates that any delay prevented compliance with the forty-eight-hour requirement following plaintiff's arrest.   There is thus a presumption that either the arresting officer, or those having custody of plaintiff following his arrest, timely arranged for his appearance before the magistrate.   Plaintiff's appearance before the magistrate constituted detention pursuant to legal process as contemplated by the Supreme Court.   See Wallace, 549 U.S. at 389.   Because more than two years has passed from the time that plaintiff was detained pursuant to legal process, his false arrest claim is also untimely.

## IV.

### Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff, Charles James Snyder, against defendants, Anderson, Jackson, Leach, and Romane, in the above-captioned

action be, and are hereby, dismissed pursuant to the authority of

28 U.S.C. 1915A(b).

SIGNED March 2, 2015.

JOHN McBRYDE
United States District Judge